## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**ADAM HENDERSON, Individually and for Others Similarly Situated,**

    **Plaintiff,**

**v.**

**SKY CLIMBER WIND SOLUTIONS, LLC d/b/a SKY CLIMBER RENEWABLES**

    **Defendant.**

---

## ORIGINAL CLASS ACTION COMPLAINT

---

### SUMMARY

1.    Adam Henderson (Henderson) brings this class action to recover unpaid wages and other damages from Sky Climber Wind Solutions, LLC d/b/a Sky Climber Renewables. (Sky Climber).

2.    Sky Climber employed Henderson as one of its Hourly Employees (defined below).

3.    Sky Climber pays Henderson and the other Hourly Employees by the hour.

4.    Henderson and the other Hourly Employees regularly work more than 40 hours a workweek and/or more than 12 hours a workday.

5.    But Sky Climber does not pay Henderson and the other Hourly Employees for all their hours worked, including overtime hours.

6.    Sky Climber does not authorize, permit, make available, or ensure that Henderson and the other Hourly Employees receive *bona fide* meal breaks each workday that exceeds 5 hours.

7.     But, Sky Climber requires them to "clock out" for 30 minutes a day to record they took a "meal break," regardless of whether they receive a *bona fide* uninterrupted "meal break" (Sky Climber's "meal deduction policy").

8.     And Sky Climber does not authorize and permit Henderson and the other Hourly Employees to receive *bona fide* rest breaks for every four hours worked or major fraction thereof.

9.     Sky Climber does not provide Henderson and the other Hourly Employees compensation for the meal and rest breaks it fails to provide and/or make available.

10.     Thus, Sky Climber violates the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq.* (CWCA), the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.* (CMWA), and their implementing regulations, *see, e.g.,* 7 Colo. Code Regs. § 1103-1 (COMPS Orders) by failing to ensure they receive all required meal breaks, requiring remain "clock out" but remain on-duty and perform their regular job duties during their "off the clock" meal breaks, and by failing to compensate them for missed meal breaks.

11.     Sky Climber likewise violates the CWCA, CMWA, and COMPS Orders by failing to ensure Henderson and the other Hourly Employees receive all required rest breaks and failing to compensate them for missed rest breaks.

12.     In addition, Sky Climber also fails to pay them overtime at the proper premium rate.

13.     Instead, Sky Climber pays Henderson and the other Hourly Employees per diems.

14.     Sky Climber knows these per diems should be, but are not, included in its Hourly Employees' "regular rates" of pay for overtime purposes (Sky Climber's "per diem pay scheme").

15.     Sky Climber's per diem pay scheme violates the CWCA, CMWA, and COMPS Orders by depriving Henderson and the other Hourly Employees of overtime at rates not less than 1.5 times

their regular rates of pay – based on all remuneration received – for the hours they work over 40 in a workweek.

## JURISDICTION & VENUE

16.     This Court has original subject matter jurisdiction over this matter pursuant to the jurisdictional provisions of the Class Action Fairness Act. 28 U.S.C. § 1332(d) ("CAFA").

17.     Specifically, upon information and belief:

a. the matter in controversy is believed to exceed $5,000,000;

b. at least one member of Henderson's proposed class and Sky Climber are citizens of different states (indeed, Henderson is an Illinois citizen and Sky Climber is an Ohio citizen); and

c. Henderson's proposed classes are believed to exceed 100 members.

18.     This Court has personal jurisdiction over Sky Climber based on Sky Climber's substantial contacts with, and conduct directed toward, Colorado, including employing Henderson and the other Hourly Employees in Colorado.

19.     Venue is proper because a substantial portion of the events or omissions giving rise to this action occurred in this District. 28 U.S.C. § 1391(b)(2).

20.     Specifically, Henderson worked for Sky Climber in Colorado, which is in this District.

## PARTIES

21.     Sky Climber employed Henderson as a Lead Wind Turbine Technician.

22.     Throughout his employment, Sky Climber classified Henderson as non-exempt and paid him by the hour.

23. Throughout his employment, Sky Climber subjected Henderson to its meal deduction policy, requiring him to "clock out" for 30 minutes a day for so-called "meal breaks," regardless of whether he actually received a bona fide meal break.

24. And Sky Climber did not authorize, permit, make available, or ensure that Henderson and the other Hourly Employees receive *bona fide* meal breaks

25. Henderson did not actually receive *bona fide* meal breaks

26. And Sky Climber does not authorize, permit, make available, or ensure that Henderson and the other Hourly Employees receive *bona fide* rest breaks

27. And Henderson did not receive *bona fide* rest breaks.

28. Likewise, throughout his employment, Sky Climber subjected Henderson to its per diem pay scheme, paying him per diems that Sky Climber excluded from his regular rate for overtime purposes.

29. Henderson brings this class action on behalf of himself and other similarly situated hourly Sky Climber employees who were subject to Sky Climber's (1) meal break policy and/or (2) per diem pay scheme.

30. The class of similarly situated employees is defined as:

**All hourly Sky Climber employees who were subject to Sky Climber's meal break policy and/or per diem pay scheme in Colorado at any time in the past 6 years (the "Hourly Employees").**

31. Sky Climber is an Ohio limited liability company headquartered in Delaware, Ohio.

32. Sky Climber may be served through its registered agent: **Transcontinental Agents, Inc., 1160 Dublin Road, Suite 400, Columbus, Ohio 43215**.

**FACTS**

4

33.     Sky Climber bills itself as "a leading independent service provider (ISP) to the North American renewable energy industry, offering a complete menu of wind, solar, and energy storage services to the world's leading energy companies."[1]

34.     To meet its business objectives, Sky Climber hires workers, like Henderson and the other Hourly Employees, to build, service, and maintain wind and solar products for its clients.

35.     Sky Climber classifies Henderson and the Hourly Employees as non-exempt and pays them by the hour.

36.     While exact job titles and precise job duties may differ, Henderson and the other Hourly Employees are all subject to Sky Climber's same or similar unlawful policies – its meal deduction policy and per diem pay scheme – for similar work.

37.     For example, Sky Climber employed Henderson as a Lead Wind Turbine Technician in Colorado, Iowa, Ohio, Texas, and Kansas from approximately March 2020 until August 2022.

38.     Henderson worked in and around Cheyenne and Limon, Colorado from approximately May through July 2022.

39.     As a Lead Wind Turbine Technician, Henderson's primary job duties included assembling, climbing, inspecting, maintaining, servicing, and repairing wind turbines for Sky Climber's clients and ensuring his crew performs these duties in accordance with Sky Climber's uniform policies, procedures, and protocols.

40.     Henderson was Sky Climber's hourly employee.

41.     Specifically, Sky Climber agreed to pay Henderson approximately $23 an hour.

---

[1] https://skyclimber-re.com/about-us/ (last visited August 23, 2024).

42.     Henderson reported his "on the clock" hours worked to Sky Climber through its uniform time tracking system.

43.     Sky Climber's records reflect the hours Henderson worked each week "on the clock."

44.     Throughout his employment, Henderson typically worked 12 to 14 hours a day for 5 to 6 days a week (60 to 84 hours a workweek) "on the clock."

45.     The other Hourly Employees likewise typically work 12 to 14 hours a day for 5 to 6 days a week (60 to 84 hours a workweek) "on the clock."

46.     Henderson and the other Hourly Employees perform their jobs under Sky Climber's supervision and use materials, equipment, and technology Sky Climber approves and supplies.

47.     Sky Climber requires Henderson and its other Hourly Employees to follow and abide by common work, time, pay, meal break, and overtime policies and procedures in the performance of their job duties.

48.     At the end of each pay period, Henderson and the other Hourly Employees receive wages from Sky Climber that are determined by common systems and methods that Sky Climber selects and controls.

49.     Like Henderson, the other Hourly Employees are Sky Climber's hourly employees.

50.     Sky Climber requires Henderson and the other Hourly to record their "on the clock" hours worked using Sky Climber's uniform time keeping system

51.     But Sky Climber does not pay Henderson and the other Hourly Employees for all their hours worked.

52.     Instead, Sky Climber subjects Henderson and the other Hourly Employees to its meal deduction policy and requires them to work "off the clock" during their "meal breaks."

53.     Specifically, Sky Climber requires Henderson and the other Hourly Employees to "clock out" for 30 minutes a day for "meal breaks."

54.     Sky Climber requires Henderson and the other Hourly Employees to "clock out" for this time regardless of whether they actually receive a *bona fide* uninterrupted meal break.

55.     And Sky Climber does not authorize, permit, make available, or ensure that Henderson and the other Hourly Employees receive *bona fide* meal breaks each workday that exceeds 5 hours.

56.     If Henderson does not "clock out" and record he took a "meal break," Sky Climber would threaten to discipline him, discipline him, and/or manually deduct 30 minutes from his recorded work time.

57.     But Henderson and the other Hourly Employees do not actually receive *bona fide* meal breaks.

58.     Sky Climber does not authorize, permit, make available, or ensure that Henderson and the other Hourly Employees receive *bona fide* rest breaks for every four hours worked or major fraction thereof.

59.     And Henderson and the other Hourly Employees do not actually receive *bona fide* rest breaks.

60.     Instead, Henderson and the other Hourly Employees are required to perform their regular job duties throughout his shifts, including during his so-called "meal breaks" and "rest breaks," subject to the control of Sky Climber.

61.     And Sky Climber subjects Henderson and the other Hourly Employees to work interruptions during any attempted meal or rest breaks.

62.     Because of these work interruptions, Henderson and the other Hourly Employees are not free to engage in personal activities during their unpaid "rest breaks" and "meal breaks."

63. Thus, Henderson and the other Hourly Employees are not relieved of all their work duties and Sky Climber fails to provide them with *bona fide*, duty-free meal and rest breaks in violation of the Colorado law.

64. Sky Climber does not pay Henderson and the other Hourly Employees for their "meal breaks," in violation of the CMWA, and COMPs Orders.

65. Sky Climber fails to exercise its duty as Henderson's and the other Hourly Employees' employer to ensure they are not performing work "off the clock" that Sky Climber does not want performed during their unpaid "meal breaks."

66. And Sky Climber knows, should know, or recklessly disregards whether Henderson and the other Hourly Employees perform work "off the clock" during their unpaid "meal breaks."

67. Indeed, Henderson and other Hourly Employees complained to their supervisors, HR, and/or Sky Climber management about being forced to work "off the clock" during their unpaid "meal breaks" and/or not receiving rest breaks.

68. Thus, Sky Climber requested, suffered, permitted, or allowed Henderson and the other Hourly Employees to work "off the clock" during their unpaid "meal breaks."

69. As a result, Sky Climber fails to pay Henderson and the other Hourly Employees all wages owed, including overtime wages for all hours worked over 40 a workweek, including those worked "off the clock" during their on-duty "meal breaks" and "rest breaks," in violation of the CMWA, CWCA, and COMPs Orders.

70. Likewise, Sky Climber willfully withheld earned wages from Henderson and the other Hourly Employees for work they perform during their on-duty "meal breaks" and "rest breaks," in violation of the CWCA and Comps Orders.

71.    And Sky Climber pays Henderson and the other Hourly Employees according to its per diem pay scheme.

72.    Specifically, Sky Climber pays them per diems that it knew should have been, but were not, included in their regular rate of pay for overtime purposes.

73.    As a result, Sky Climber fails to pay Henderson and the other Hourly Employees overtime at a rate of at least 1.5 times his regular rate of pay – based on all remuneration received – for hours worked in excess of 40 a week in violation of the CWCA and COMPs Orders.

74.    Likewise, Sky Climber willfully withheld these earned wages from Henderson and the other Hourly Employees in violation of the CWCA and COMPs Orders.

**CLASS ACTION ALLEGATIONS**

75.    Henderson brings his claims as a class action on behalf of himself and the other Hourly Employees pursuant to FED. R. CIV. P. 23.

76.    Like Henderson, the other Hourly Employees were victimized by Sky Climber's meal deduction policy and failure to authorize and/or permit *bona fide* rest breaks.

77.    And like Henderson, the other Hourly Employees were victimized by Sky Climber's per diem pay scheme.

78.    Other Hourly Employees worked with Henderson and indicated they were paid in the same manner, performed similar work, and were subject to Sky meal deduction policy, failure to authorize and/or permit *bona fide* rest breaks, and/or per diem pay scheme.

79.    Based on his experience with Sky Climber, Henderson is aware Sky Climber's meal deduction policy, failure to authorize and/or permit *bona fide* rest breaks, and/or per diem pay scheme were imposed on the other Hourly Employees.

80.     The putative class of Hourly Employees is so numerous that the joinder of all potential class members is impracticable.

81.     The Hourly Employees are similarly situated in the most relevant respects.

82.     Even if their specific job titles or precise locations might vary, these differences do not matter for the purposes of determining their entitlement to meal and rest breaks, earned wages for all hours worked, and overtime wages, at the required rate – for all hours worked over 40 in a workweek or 12 in a workday.

83.     Therefore, the specific job titles or precise job locations of the Hourly Employees do not prevent class treatment.

84.     Rather, the Hourly Employees are held together by Sky Climber's uniform, illegal meal deduction policy, and failure to authorize and/or permit *bona fide* meal and rest breaks, which systematically deprived Henderson and the other Hourly Employees of *bona fide* meal and rest breaks, earned wages for all hours worked, including overtime hours, and overtime wages at the proper premium rate for all hours worked after 40 in a workweek and 12 in a workday.

85.     Sky Climber's failure to pay earned wages and overtime wages as required by Colorado wage laws results from generally applicable, systematic policies and practices that are not dependent on the personal circumstances of the Hourly Employees.

86.     Sky Climber's records also show the number of hours the Hourly Employees worked "on the clock" each workweek.

87.     The back wages owed to Henderson and the other Hourly Employees can therefore be calculated using the same formula applied to the same records.

88.     Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Sky Climber's records, and there is no detraction from the common nucleus of liability facts.

89.     Therefore, the issue of damages does not preclude class treatment.

90.     Henderson's experiences are typical of the experiences of the other Hourly Employees.

91.     Henderson has no interest contrary to, or in conflict with, the other Hourly Employees.

92.     Like each Hourly Employee, Henderson has an interest in obtaining the unpaid wages owed to them under Colorado law.

93.     Henderson and his counsel will fairly and adequately protect the interests of the other Hourly Employees.

94.     Henderson retained counsel with significant experience in complex class action litigation.

95.     A class action is superior to other available means for fair and efficient adjudication of this lawsuit.

96.     Absent this class action, many Hourly Employees likely will not obtain redress for their injuries, and Sky Climber will reap the unjust benefits of violating Colorado wage laws.

97.     Further, even if some of the Hourly Employees could afford individual litigation against Sky Climber, it would be unduly burdensome to the judicial system.

98.     Indeed, the multiplicity of actions would create a hardship for the Hourly Employees, the Court, and Sky Climber.

99.     Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Hourly Employees' claims.

100.    The questions of law and fact that are common to each Hourly Employee predominate over any questions affecting solely the individual members.

101.    Among the common questions of law and fact are:

    a.    Whether Sky Climber engaged in a policy and practice of requiring the Hourly Employees to "clock out" for 30 minutes for "meal breaks," regardless of whether they actually took a *bona fide*, uninterrupted meal break;

    b.    Whether Sky Climber's meal deduction policy deprived the Hourly Employees of earned wages for all hours worked in violation of the CWCA, CMWA, and/or COMPS Orders;

    c.    Whether Sky Climber's meal deduction policy deprived the Hourly Employees of overtime pay for all overtime hours worked in violation of the CWCA, CMWA, and/or COMPS Orders;

    d.    Whether Sky Climber failed to authorize and/or permit the Hourly Employees to take *bona fide* meal and/or rest breaks.

    e.    Whether Sky Climber's failure to authorize and/or permit the Hourly Employees to take *bona fide* rest breaks deprived the Hourly Employees of earned wages for all hours worked in violation of the CWCA, CMWA, and/or COMPS Orders;

    f.    Whether Sky Climber's failure to authorize and/or permit the Hourly Employees to take *bona fide* rest breaks deprived the Hourly Employees

of overtime pay for all overtime hours worked in violation of the CWCA, CMWA, and/or COMPS Orders;

g. Whether Sky Climber's decision to not pay the Hourly Employees all their earned wages for all hours worked, including those worked "off the clock," was made in good faith;

h. Whether Sky Climber's decision not to pay the Hourly Employees overtime wages for all overtime hours worked, including those worked "off the clock," was made in good faith;

i. Whether Sky Climber failed to pay the Hourly Employees at the required overtime rate for hours worked in excess of 12 a workday and 40 a workweek under its per diem pay scheme.

j. Whether Sky Climber's decision not to pay the Hourly Employees overtime wages at the required overtime rate was made in good faith; and

k. Whether Sky Climber's violations were willful.

102. Henderson knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action.

103. As part of its regular business practices, Sky Climber intentionally, willfully, and repeatedly violated Colorado wage laws with respect to Henderson and the other Hourly Employees.

104. Sky Climber's meal deduction policy, failure to authorize and/or permit *bona fide* rest breaks, and per diem pay scheme deprived Henderson and the other Hourly Employees of earned

wages for all hours worked and overtime wages at the proper premium rate for all hours worked after 40 in a workweek and 12 in a workday, which they are owed under Colorado law.

## SKY CLIMBER'S VIOLATIONS WERE WILLFUL AND/OR DONE IN RECKLESS DISREGARD OF COLORADO WAGE LAWS

105.    Sky Climber knew it was subject to the CWCA's, CMWA's, and COMPS Order's respective provisions. *See* C.R.S. § 8-4-101(6); 7 C.C.R. 1103-1(1.6).

106.    Sky Climber knew Henderson and the other Hourly Employees were its non-exempt employees entitled to overtime pay. *See* C.R.S. § 8-4-101(5); 7 C.C.R. 1103-1(1.5); 7 C.C.R. 1103-1(4.1.1).

107.    Sky Climber knew the CWCA, CMWA, and COMPS Orders, required it to pay non-exempt employees, including Henderson and the other Hourly Employees, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 12 in a workday and 40 in a workweek. *See* 7 C.C.R. 1103-1(4.1.1).

108.    Sky Climber knew the CWCA, CMWA, and COMPS Orders further required it to pay employees, including Henderson and the other Hourly Employees, all wages earned for all hours of work performed. *See* C.R.S. §§ 8-4-103(1)(a) and 8-4-109(1).

109.    Sky Climber knew Henderson and the other Hourly Employees worked over 40 hours in at least one workweek and/or over 12 hours in one workday during the 3 years before this Complaint was filed because Sky Climber required their "on the clock" hours worked to be recorded using its timekeeping system.

110.    Sky Climber knew the CWCA, CMWA, and COMPS Orders required it to pay employees, including Henderson and the other Hourly Employees, for all hours these employees performed compensable work. *See* 7 C.C.R. 1103-1 (3.1).

111.     Sky Climber knew that, as Henderson's and the other Hourly Employees' employer, it had a duty to ensure these employees were not performing work "off the clock" (without pay) that Sky Climber did not want performed. *See* 7 C.C.R. 1103-1 (1.9).

112.     Sky Climber knew it did not authorize and permit Henderson and the other Hourly Employees to take *bona fide* rest breaks for every four hours worked or major fraction thereof. *See* 7 CCR 1103-1 (5.2).

113.     Sky Climber knew it did not provide Henderson and the other Hourly Employees additional compensation for their on-duty "rest breaks." *See* 7 C.C.R. 1103-1 (5.2.4).

114.     Sky Climber knew it did not authorize and permit Henderson and the other Hourly Employees to take *bona fide* meal breaks for shifts exceeding five hours. *See* 7 CCR 1103-1 (5.1).

115.     And Sky Climber knew it required Henderson and the other Hourly Employees to "clock out" for 30 minutes each workday to record they took a "meal break."

116.     Thus, Sky Climber knew it requested, suffered, or permitted Henderson and the other Hourly Employees to work "off the clock" during their "meal breaks" and "rest breaks." *See Id.*; 7 CCR 1103-1 (5).

117.     Nonetheless, Sky Climber did not pay Henderson and the other Hourly Employees for the compensable hours and overtime hours they worked "off the clock" during their "meal breaks" and "rest breaks."

118.     Henderson and the other Hourly Employees complained to Sky Climber about being required to work "off the clock."

119.     As a result of the foregoing conduct, as alleged, Sky Climber failed to pay wages due thereby violating, and continuing to violate, the CWCA, COMPS Orders, and CMWA.

120.     Sky Climber committed these violations knowingly, willfully, and with reckless

disregard of applicable law. *See* C.R.S. § 8-4-109(3)(b)–(c); 7 CCR 1103-1 (8.2).

**COUNT I**

**FAILURE TO PAY OVERTIME WAGES UNDER THE CWCA AND COMPS ORDERS
(CLASS ACTION)**

121.    Henderson brings his CWCA overtime claim on behalf of himself and the other Hourly Employees pursuant to FED. R. CIV. P. 23.

122.    Sky Climber's conduct violated the CWCA, as implemented by the COMPS Orders. *See* C.R.S. §§ 8-4-101, *et seq.*; 7 C.C.R. 1103-1.

123.    At all relevant times, Sky Climber was subject to the CWCA and the COMPS Orders because Sky Climber was (and is) an "employer" within the meaning of the CWCA and COMPS Orders. *See* C.R.S. § 8-4-101(6); 7 C.C.R. 1103-1(1.6).

124.    At all relevant times, Sky Climber employed Henderson and the other Hourly Employees as its covered "employees" within the meaning of the CWCA and COMPS Orders. *See* C.R.S. § 8-4-101(5); 7 C.C.R. 1103-1(1.5).

125.    The COMPS Orders require employers, like Sky Climber, to pay non-exempt employees, including Henderson and the other Hourly Employees, overtime wages at rates not less than 1.5 times their regular rates of pay – based on *all* remuneration received – for all hours worked over 12 in a workday and 40 in a workweek. *See* 7 C.C.R. 1103-1(4.1.1).

126.    Henderson and the other Hourly Employees are entitled to overtime pay under the COMPS Orders. *See* 7 C.C.R. 1103-1(4.1.1).

127.    Sky Climber violated the CWCA and COMPS Orders by failing to pay Henderson and the other Hourly Employees overtime wages at rates not less than 1.5 times their regular rates of pay – based on all remuneration received, including "per diems" – for all hours worked over 12 in a

workday and 40 in a workweek, including hours worked "off the clock" during denied "meal breaks" and "rest breaks," for which Sky Climber failed to compensate Henderson and the other Hourly Employees. *See* 7 C.C.R. 1103-1(4.1.1 and 5).

128.　Sky Climber's unlawful conduct harmed Henderson and the other Hourly Employees by depriving them of the proper premium overtime wages they are owed at the required rate.

129.　Accordingly, Henderson and the other Hourly Employees are entitled to recover their unpaid overtime wages and an automatic penalty of the greater of two times the amount of the unpaid overtime wages or $1,000. *See* C.R.S. § 8-4-109(3)(b)(I); 7 C.C.R. 1103-1(8.1).

130.　Because Sky Climber's failure to pay these overtime wages was willful, Sky Climber is also liable to Henderson and the other Hourly Employees for treble damages in the amount of three times their unpaid overtime wages or $3,000, whichever is greater. *See* C.R.S. § 8-4-109(3)(b)(II).

131.　Finally, Henderson and the other Hourly Employees are entitled to recover their reasonable attorneys' fees, costs, and expenses incurred in this action. *See* C.R.S. § 8-4-110; C.C.R. 1103-1(8.1).

<u>**COUNT II**</u>

**FAILURE TO PAY MINIMUM WAGES UNDER THE CMWA AND COMPS ORDERS
(CLASS ACTION)**

132.　Henderson brings his CMWA minimum wages claim on behalf of himself and the other Hourly Employees pursuant to FED. R. CIV. P. 23.

133.　Sky Climber's conduct violated the CMWA, as implemented by the COMPS Orders. *See* 7 C.C.R. 1103-1(1.5).

134.　At all relevant times, Sky Climber was subject to the CMWA because Sky Climber was (and is) an "employer" within the meaning of the CMWA. *See* 7 C.C.R. 1103-1(1.6).

135.     At all relevant times, Sky Climber employed Henderson and the other Hourly Employees as its covered "employees" within the meaning of the CMWA. *See* 7 C.C.R. 1103-1(1.5 and 1.6).

136.     The CMWA and COMPS Orders require employers, like Sky Climber, to pay employees, including Henderson and the other Hourly Employees, no less than the minimum hourly wage for all hours worked, including overtime pay for hours worked in excess of 40 a workweek and 12 a day. *See* C.R.S. § 8-6-116; 7 C.C.R. 1103-1 (1.9 and 3).

137.     Sky Climber violated the CMWA and COMPS Order by failing to pay Henderson and the other Hourly Employees minimum wages for all hours worked, including hours worked "off the clock" for denied "meal breaks" and "rest breaks," for which Sky Climber failed to compensate Henderson and the other Hourly Employees. *See* 7 C.C.R. 1103-1(4.1.1 and 5).

138.     Sky Climber's unlawful conduct harmed Henderson and the other Hourly Employees by depriving them of the minimum wages they are owed.

139.     Accordingly, Henderson and the other Hourly Employees are entitled to recover their unpaid minimum wages and interest. *See* C.R.S. § 8-6-118.

140.     Finally, Henderson and the other Hourly Employees are entitled to recover their reasonable attorneys' fees, costs, and expenses incurred in this action. *See* C.R.S. § 8-6-118.

<u>COUNT III</u>

**FAILURE TO PAY EARNED WAGES UNDER THE CWCA AND COMPS ORDERS**
**(CLASS ACTION)**

141.     Henderson brings his CWCA earned wages claim on behalf of himself and the other Hourly Employees pursuant to FED. R. CIV. P. 23.

142.     Sky Climber's conduct violates the CWCA. *See* C.R.S. §§ 8-4-101, *et seq.*

143. At all relevant times, Sky Climber was subject to the CWCA because Sky Climber was (and is) an "employer" within the meaning of the CWCA. *See* C.R.S. § 8-4-101(6).

144. At all relevant times, Sky Climber employed Henderson and the other Hourly Employees as its covered "employees" within the meaning of the CWCA. *See* C.R.S. § 8-4-101(5).

145. The CWCA requires employers, like Sky Climber, to pay employees, including Henderson and the other Hourly Employees, all wages earned, due, and owing on their regular payday and following termination of their employment. *See* C.R.S. §§ 8-4-103(1)(a) and 8-4-109(1).

146. Sky Climber violated the CWCA by failing to pay Henderson and the other Hourly Employees all their wages earned for all the hours of work they performed for Sky Climber, including overtime wages calculated at the required rate and hours worked "off the clock" for time deducted for "meal breaks" and "rest breaks" that Sky Climber failed to permit and/or authorize and for which Sky Climber failed to compensate Henderson and the other Hourly Employees. *See* C.R.S. §§ 8-4-103(1)(a) and 8-4-109(1); 7 C.C.R. 1103-1(4.1.1, and 5).

147. Sky Climber's unlawful conduct harmed Henderson and the other Hourly Employees by depriving them of the earned wages they are owed.

148. Accordingly, Henderson and the other Hourly Employees are entitled to recover their unpaid earned wages and an automatic penalty in the amount of two times the amount of the unpaid wages or compensation or $1,000, whichever is greater. *See* C.R.S. § 8-4-109(3).

149. Because Sky Climber's failure to pay these earned wages was willful, Sky Climber is also liable to Henderson and the other Hourly Employees for treble damages in the amount of three times their unpaid earned wages or $3,000, whichever is greater. *See* C.R.S. § 8-4-109(b)(II).

150. Finally, Henderson and the other Hourly Employees are entitled to recover their reasonable attorneys' fees, costs, and expenses incurred in this action. *See* C.R.S. § 8-4-110.

## COUNT IV

### CIVIL THEFT OF WAGES
### (CLASS ACTION)

151.    Henderson brings his civil theft claim on behalf of himself and the other Hourly Employees pursuant to FED. R. CIV. P. 23.

152.    At all relevant times, Sky Climber was subject to the CWCA because Sky Climber was (and is) an "employer" within the meaning of the CWCA. *See* C.R.S. § 8-4-101(6).

153.    At all relevant times, Sky Climber employed Henderson and the other Hourly Employees as its covered "employees" within the meaning of the CWCA. *See* C.R.S. § 8-4-101(5).

154.    Sky Climber knew it failed to pay Henderson and the other Hourly Employees minimum wage and overtime because Sky Climber knew they performed work for Sky Climber "off the clock" during "meal breaks" and "rest breaks" that Sky Climber failed to authorize and/or permit and for which Sky Climber failed to compensate Henderson and the other Hourly Employees.

155.    Sky Climber's knowing failure to pay minimum wage under the CMWA, constitutes theft pursuant to C.R.S. § 18-4-401. *See* C.R.S. § 18-6-116.

156.    As a result, Sky Climber's failure to pay minimum wage constitutes civil theft pursuant to C.R.S. § 18-4-405.

157.    Accordingly, Henderson and the other Hourly Employees are entitled to the greater of $200 or treble damages. *See* C.R.S. § 18-4-405.

158.    Henderson and the other Hourly Employees are also entitled to attorney's fees, costs, statutory interest, and all other relief deemed appropriate by the Court. *See* C.R.S. § 18-4-405.

### JURY DEMAND

159.    Henderson demands a trial by jury on all Counts.

WHEREFORE, Henderson, individually and on behalf of the other Hourly Employees, seeks the following relief:

a. An Order certifying the Hourly Employees as a Class and certifying this litigation as a class action pursuant to FED. R. CIV. P. 23;

b. An Order appointing Henderson and his counsel to represent the interests of the Hourly Employees;

c. An Order finding Sky Climber liable to Henderson and the other Hourly Employees for the unpaid overtime wages owed under the CWCA, an automatic penalty of the greater of two times the amount of the unpaid wages or compensation of $1,000, plus treble damages in the amount of three times their unpaid wages or $3,000, whichever is greater;

d. An Order finding Sky Climber liable to Henderson and the other Hourly Employees for their unpaid earned wages owed under the CWCA, an automatic penalty of the greater of two times the amount of the unpaid wages or compensation or $1,000, plus treble damages in the amount of three times their unpaid earned wages or $3,000, whichever is greater;

e. An Order finding Sky Climber liable to Henderson and the other Hourly Employees for their unpaid minimum wages owed under the CMWA, plus interest;

f.      Judgment awarding Henderson and the other Hourly Employees all unpaid earned wages, unpaid minimum wages, unpaid overtime wages, liquidated damages, treble damages, statutory damages, and any other penalties available under the CWCA and CMWA;

g.      An Order awarding attorneys' fees, costs, and expenses;

h.      Pre- and post-judgment interest at the highest applicable rates; and

i.      Such other and further relief as may be necessary and appropriate.

Dated: September 12, 2024

Respectfully submitted,

**JOSEPHSON DUNLAP LLP**

By: /s/ *Michael A. Josephson*
       Michael A. Josephson
       Andrew W. Dunlap
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Phone: 713-352-1100
Fax: 713-352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Phone: 713-877-8788
Fax: 713-877-8065
rburch@brucknerburch.com

William C. (Clif) Alexander
Austin W. Anderson*
**ANDERSON ALEXANDER PLLC**
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
Phone: 361-452-1279
Fax: 361-452-1284
clif@a2xlaw.com
austin@a2xlaw.com

*Pro hac vice application forthcoming*

**ATTORNEYS FOR HENDERSON
& THE HOURLY EMPLOYEES**